CREDIT ALLIANCE CORPORATION, PLAINTIFF, v. INGRAM & SONS, INC., A NEW JERSEY CORPORATION, OZZIE INGRAM AND BERNICE INGRAM, HIS WIFE, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided October 19, 1971.

*Messrs. Fox, Schackner, Neagle & Mastrangelo,* attorneys for plaintiff.

*Mr. Sam Matlin,* attorney for General Modular Development Corp.

TOSCANO, J. C. C. This matter was heard on the return of an order to show cause why the Sheriff of Monmouth County should not turn over the balance of a deposit made at a sheriff's sale to the judgment creditor, after the successful bidder refused to complete the purchase pursuant to the conditions of sale it had signed.

The following facts are not in dispute. On May 13, 1971 plaintiff Credit Alliance Corp. was awarded judgment against defendant Ingram & Sons, Inc., in the sum of $7,063.53. Shortly thereafter a writ of execution was directed to the Sheriff of Monmouth County, who promptly levied on premises owned by the judgment debtors, known as ·14 Bond Street, Freehold, New Jersey.

At the execution sale on June 7, 1971 a successful bid of $8,000 was offered by General Modular Development Corp. A deposit of $2800 was delivered to the sheriff and the conditions of sale were signed by the bidder.

Prior to the expiration of the time period for delivery of the deed and payment of the balance of the purchase price, General Modular Development Corp. reneged on its agreement and refused to take the deed for the property.

At a second sale held on August 9, 1971, there being no other bidders the property was struck off to Credit for $100, leaving a balance due and owing of $7,963.53 on the judgment.

The sheriff presently retains possession of $2,513.74, the balance of deposit money after deduction of his fee and expenses.

Plaintiffs application for an order directing the sheriff to turn over to it the balance of the deposit made by General Modular Development Corp. on account of the purchase of the premises at the sheriff's sale must be granted in light of the ruling in *Smith v. Cunningham*, 69 *N. J. Eq.* 622 (Ch. 1905). The facts there were almost identical with those at hand. The contract in that case provided for (1) a deposit of 20% of the purchase price, (2) signing by the purchaser of the conditions of sale, (3) resale in the event

of default by the purchaser, and (4) liability on the part of the purchaser for the difference in price should the resale result in a loss. The purchaser paid the deposit to the sheriff and then defaulted. The property was resold at less than the purchaser's original bid. The creditor asked the court to order the sheriff to turn over the deposit moneys to him.

The court held that the resale did not rescind the first sale for all purposes, so that the original purchaser would be entitled to the return of the deposit. Although the contract provided for neither the forfeiture nor the return of the deposit, the court declared that the sheriff was both entitled and bound to hold the deposit as a credit against the purchaser's liability for the loss upon the resale.

The only distinctive fact in *Smith v. Cunningham* was that the creditor was foreclosing on a mortgage rather than executing on a judgment. Since both the plaintiff in that case and the one in the instant case had an equitable interest in the property at the time of the original sale, it is immaterial that the latter was not initially a secured creditor.

For the foregoing reasons, plaintiff's application is granted.